O

<mark>NO JS-6</mark>

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT L. GOLDEN, an individual, EMMA M. GOLDEN, an individual, | ) ) ) | Case No. CV 13-08411 DDP (MANx) |
| Plaintiffs, | ) ) ) | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | ) ) | |
| BANK OF AMERICA, N.A., a National Association; SELECT PORTFOLIO SERVICING, INC.; WELLS FARGO BANK, N.A., | ) ) ) ) | [Dkt. Nos. 7, 13] |
| Defendants. | ) ) ) ) | |

Presently before the court are two Motions to Dismiss filed by Defendants Select Portfolio Servicing, Inc. ("SPS"), Wells Fargo Bank, NA, and Bank of America, N.A ("BOA"). Having considered the submissions of the parties, the court grants the motions and adopts the following order.

I.   **Background**

At some point, Plaintiffs purchased a parcel of real estate in Los Angeles located at 2013 West View Street.[1]  Plaintiffs appear

---

[1] Plaintiffs' First Amended Complaint ("FAC") alleges that
(continued...)

1  to have refinanced the property, and in 2004 executed a Promissory

2  Note for $475,000.  The note was secured by a Deed of Trust for

3  lender Argent Mortgage Company.  (FAC ¶ 14.)  Defendant BOA

4  serviced the loan.  (FAC ¶ 6.)

5      In 2010 and 2011, Plaintiffs notified BOA that they were

6  experiencing financial hardship and applied for a loan

7  modification.  (FAC ¶¶ 19, 21.)  Plaintiffs submitted another

8  modification application to BOA in May 2012.  (FAC ¶ 24.)

9      At some point between May 29, 2012 and October 17, 2012,

10  Defendant SPS appears to have taken over servicing duties as agent

11  of the then beneficiary.  (FAC ¶¶ 7, 24-45.)  Plaintiffs allege

12  that SPS sent them a Notice of Default on October 17, 2012.  (Id. ¶

13  25.)  In March 2013, SPS offered Plaintiffs a loan modification,

14  which Plaintiffs accepted.  (Id. ¶ 27.)  Plaintiffs appear to have

15  attempted to obtain a further modification, but were unsuccessful.

16  (Id. ¶ 28.)

17      Plaintiffs' First Amended Complaint brings fifteen causes of

18  action against BOA, SPS, and Wells Fargo in connection with the

19  2004 loan and subsequent related proceedings.  Defendants now move

20  to dismiss the FAC.

21  **II.  Legal Standard**

22      A complaint will survive a motion to dismiss when it contains

23  "sufficient factual matter, accepted as true, to state a claim to

24  relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

25  662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

26  570 (2007)).  When considering a Rule 12(b)(6) motion, a court must

27  _____

28  [1](...continued)
    they purchased the property in 1998 and in 2002.  (FAC ¶¶ 11, 13.)

"accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

    "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level."  Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

    A.   First, Fourth, and Twelfth Causes of Action

    Plaintiffs' First, Fourth, and Twelfth Causes of Action appear to be based on California's Homeowner Bill of Rights ("HBOR"), which amended California Civil Code Section 2924.  (Opposition, Dkt. 17 at 5.)  Plaintiffs' allegations appear to refer to acts

3

1  undertaken in 2012.  (FAC ¶ 34.)  The HBOR, however, did not go

2  into effect until January 1, 2013.  <u>Morgan v. Aurora Loan Servs.,</u>

3  <u>Inc.</u>, No. CV 12-4350-CAS, 2013 WL 5539392 at *6 (C.D. Cal. Oct. 7,

4  2013).  The HBOR does not apply retroactively, and therefore cannot

5  apply to the acts described in the FAC.  <u>See</u> <u>id.</u>  Furthermore, to

6  the extent Plaintiffs' claims are premised upon the securitization

7  of their loan, Plaintiffs, as strangers to any agreements regarding

8  transfer of the interest in their note, lack standing to bring such

9  challenges.  <u>See</u>, <u>e.g.</u>, <u>Zapata v. Wells Fargo Bank, N.A.</u>, No. C 13-

10  4288 WHA, 2013 WL 6491377 at *2 (N.D. Cal. Dec. 10, 2013).

11  Plaintiffs' First, Fourth, and Twelfth causes of action are

12  therefore dismissed with prejudice.

13      B.   Intentional Misrepresentation

14      Plaintiffs' Second Cause of Action for Intentional

15  Misrepresentation is based on the allegation that an SPS

16  representative told Plaintiffs that the loan modification they

17  ultimately accepted was the only one that SPS would consider, but

18  that after Plaintiffs accepted that modification, another SPS

19  representative told them that they could not be considered for

20  another, different loan modification under the Home Affordable

21  Modification Program unless they rejected the first modification.

22  (FAC ¶ 42.)

23      A claim for intentional misrepresentation requires "(1) a

24  misrepresentation; (2) knowledge of falsity; (3) intent to induce

25  reliance; (4) actual and justifiable reliance; and (5) resulting

26  damage."  <u>Chapman v. Skype, Inc.</u>, 220 Cal.App.4th 217, 230-231

27  (2013).  Here, SPS argues that there was no misrepresentation

28  because SPS said it would not consider any other loan modification

1   and followed through on that representation by refusing to consider
2   a HAMP modification.  The FAC alleges, however, that before
3   Plaintiffs accepted the first modification, SPS represented that
4   the first modification was the only one available to Plaintiffs.
5   (FAC ¶ 28.)  In light of SPS' subsequent alleged statement that
6   Plaintiffs could, in fact, have been considered for a HAMP
7   modification, the initial alleged statement may have been false.

8         Nevertheless, Plaintiffs' intentional misrepresentation claim
9   must be dismissed for failure to adequately allege damages
10  resulting from this supposed misrepresentation.  Plaintiffs'
11  reference to the "potential threat of loss of their home,
12  exorbitant payments, and legal expenses" notwithstanding, it is
13  unclear how SPS's agreement to one type of modification over
14  another caused Plaintiffs any damage.

15        C.   Negligent Misrepresentation

16        The elements of negligent misrepresentation are "(1) the
17  misrepresentation of a past or existing material fact, (2) without
18  reasonable ground for believing it to be true, (3) with intent to
19  induce another's reliance on the fact misrepresented, (4)
20  justifiable reliance on the misrepresentation, and (5) resulting
21  damage."  Apollo Capital Fund, LLC v. Roth Capital Partners, LLC,
22  158 Cal.App.4th 226, 243 (2007).  As discussed above, Plaintiffs
23  have not adequately alleged damages.

24        Defendants SPS and Wells Fargo also contend that Plaintiffs
25  have failed to allege that Defendants owed them a duty of care.
26  (Motion at 11.)  In response, Plaintiffs assert that no such duty
27  is required.  (Opp. at 9.)  Plaintiffs are mistaken.  To prevail on
28  a claim for negligent misrepresentation, Plaintiffs must establish

1   that Defendant owed them a duty of care.  See Bily v. Arthur Young &
2   Co., 3 Cal. 4th 370, 408-414 (1992); Nutmeg Sec., Ltd. v. McGladrey
3   & Pullen, 92 Cal. App. 4th 1435, 1444 (2001); Eddy v. Sharp, 199
4   Cal. App. 3d 858, 864 (1988); Wilhelm v. Pray, Price, Williams, &
5   Russell, 186 Cal. App. 3d 1324, 1332 (1986).  Plaintiffs' negligent
6   misrepresentation claim is dismissed with leave to amend.

7        D.   Wrongful Foreclosure

8        Plaintiffs' Fifth Cause of Action alleges that all Defendants
9   violated California Civil Code § 2923.5.  A foreclosure sale cannot
10  proceed without a valid Notice of Default.  Mabry v. Superior
11  Court, 185 Cal.App.4th 208, 223 (2010).  California Civil Code
12  section 2923.5 requires a lender or its agent to contact, or
13  attempt to contact, a defaulting borrower prior to recording a
14  notice of default.  Cal. Civil Code § 2923.5(a)(1).  Under Section
15  2923.5(a)(2), a "mortgagee, beneficiary or authorized agent shall
16  contact the borrower in person or by telephone in order to assess
17  the borrower's financial situation and explore options for the
18  borrower to avoid foreclosure."  Cal. Civil Code § 2923.5(a)(2).
19  However, a mortgage servicer need not necessarily make actual
20  contact with a borrower, provided that the servicer exercises due
21  diligence in its attempt to contact the borrower.  Cal. Civil Code
22  § 2923.5(e).

23       Here, Plaintiffs do not allege that BOA ever sent or recorded
24  a Notice of Default.  The Fifth Cause of Action is therefore
25  dismissed as to BOA.

26       The FAC does allege that SPS "purportedly" sent Plaintiffs a
27  Notice of Default.  (FAC ¶ 25.)  SPS contends that the FAC fails to
28  allege a Section 2923.5 violation because SPS did, as is alleged,

1   communicate with Plaintiffs regarding their financial situation and

2   options to avoid foreclosure, going so far as to actually offer

3   Plaintiffs a loan modification, which Plaintiffs accepted.

4   Plaintiffs' only argument in opposition is that SPS "failed to

5   explore foreclosure options with Plaintiffs that were more

6   beneficial to Plaintiffs" than the loan modification ultimately

7   offered and accepted. (Opp. at 11.) This argument is not

8   persuasive. Plaintiffs cite no authority for the proposition that

9   a lender or agent must offer a borrower whatever non-foreclosure

10   option would be best for the borrower. Indeed, Section 2923.5

11   requires far less of lenders than what SPS undertook here. <u>See</u>,

12   <u>e.g.</u>, <u>Newman v. Bank of New York Mellon</u>, No. 12-CV-1629 AWI GSA,

13   2013 WL 5603316 at *12 (E.D. Cal. Oct. 11, 2013) (finding § 2923.5

14   satisfied where bank discussed, but declined to grant, a loan

15   modification). The Fifth Cause of Action is dismissed with

16   prejudice.

17        E.   Breach of Contract

18        Plaintiffs do not oppose dismissal of the Seventh Cause of

19   Action for Breach of Contract against Bank of America, beyond

20   including a heading stating that the FAC adequately asserts a

21   claim. (Opp. at 13). Plaintiffs' opposition does, however, seek

22   leave to amend to plead additional facts regarding this claim.

23   Similarly, with respect to SPS and Wells Fargo, Plaintiffs provide

24   no substantive opposition. Instead, they state that "Plaintiffs

25   oppose [Defendants' position] but if the court finds this cause of

26   action is not specifically pled then Plaintiff (sic) requests leave

27   to amend . . . ." The Seventh Cause of Action is therefore

28   dismissed, with leave to amend.

7

1      F.   Negligence

2          "The elements of a negligence cause of action are the

3     existence of a legal duty of care, breach of that duty, and

4     proximate cause resulting in injury." Castellon v. U.S. Bancorp.,

5     220 Cal. App. 4th 994, 998 (2013).  Defendants, relying on Nymark

6     v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1096

7     (1991), argue that "as a general rule, a financial institution owes

8     no duty of care to a borrower when the institution's involvement in

9     the loan transaction does not exceed the scope of its conventional

10    role as a mere lender of money." Nymark, 231 Cal. App. 3d at 1096.

11    The Nymark rule, however, is not absolute.  In California, courts

12    employ a six factor test to determine whether a financial

13    institution owes a duty of care to a borrower.  The court must

14    consider "[1] the extent to which the transaction was intended to

15    affect the plaintiff, [2] the foreseeability of harm to him, [3]

16    the degree of certainty that the plaintiff suffered injury, [4] the

17    closeness of the connection between the defendant's conduct and the

18    injury suffered, [5] the moral blame attached to the defendant's

19    conduct, and [6] the policy of preventing future harm." Id. at

20    1098 (citing Biakanja v. Irving, 49 Ca.2d 647 (1958)).  Under some

21    circumstances, these factors may be met in the context of loan

22    modification discussions between lenders and borrowers.  See, e.g.

23    Robinson v. Bank of Am., No. 12-CV-494-RMW, 2012 WL 1932842, at *7

24    (N.D. Cal. May 29, 2012); Ansanelli v. JP Morgan Chase Bank, N.A.,

25    No C 10-3892 WHA, 2011 WL 1134451, at *7 (N.D. Cal. Mar. 28, 2011);

26    Watkinson v. MortgageIT, Inc., No. 10-CV-327-IEG, 2010 WL 2196083

27    (S.D. Cal. June 1, 2010); Garcia v. Ocwen Loan Servicing, LLC, No.

28

1  C 10-290 PVT, 2010 WL 1881098, at *1-3. (N.D. Cal. May 10, 2010).

2

3

4       Though the FAC here identifies the relevant factors, it does

5  so somewhat conclusorily, and does not provide a sufficient factual

6  basis, particularly regarding the third, fourth, and fifth factors,

7  to allow this court to determine whether Defendants owed Plaintiffs

8  a duty.  As discussed above in conjunction with Plaintiffs'

9  misrepresentation claims, damages resulting from Defendants'

10 actions are particularly unclear.  Indeed, in arguing that the

11 elements are sufficiently alleged, Plaintiffs' opposition refers to

12 paragraph 53 of the FAC, which includes precisely those allegations

13 deemed insufficient to establish an intentional misrepresentation

14 claim.  The Eighth Cause of Action for Negligence is dismissed with

15 leave to amend.

16      G.   Unjust Enrichment

17      Plaintiffs' Ninth Cause of Action for Unjust Enrichment is not

18 an independent cause of action under California law.  Jogani v.

19 Superior Court, 165 Cal.App.4th 901, 911 (2008); Serna v. Bank of

20 America, N.A., No. CV 11-10595 CAS; 2012 WL 2030705 * 11 (C.D. Cal.

21 June 4, 2012).  Plaintiffs' unjust enrichment claim is therefore

22 dismissed with prejudice.

23      H.   Quiet Title

24      As an initial matter, the FAC does not appear to allege that

25 BOA (or SPS) claims any interest in the West View Street property.

26 In any event, a mortgagor generally cannot quiet title against a

27 mortgagee without first tendering the amount due on the loan.  See

28 Kenery v. Wells Fargo, N.A., No. 13-CV-2411-EJD, 2014 WL 128262 at

1   *5 (N.D. Cal. Jan. 14, 2014).  There are exceptions to this tender

2   requirement.  See Rockridge Trust v. Wells Fargo, N.A., 985

3   F.Supp.2d 1110, 1158 (N.D. Cal. 2013); Subramani v. Wells Fargo,

4   N.A., No. C 13-1605 SC, 2013 WL 5913789 at *4 (N.D. Cal. Oct. 31,

5   2013).  Though Plaintiffs argue that several such exceptions apply,

6   those arguments appear to be premised upon Plaintiffs' HBOR and

7   Section 2923.5 claims, which, as described above, are dismissed

8   with prejudice.  Accordingly, Plaintiffs' quiet title claim is

9   dismissed, with leave to amend.

10        I.   Real Estate Settlement Procedures Act

11        Plaintiffs' Eleventh Cause of Action for Violation of the Real

12   Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), is

13   brought only against SPS and Wells Fargo.  Plaintiffs' opposition

14   does not dispute SPS' contention that the FAC does not adequately

15   allege that Plaintiffs sent SPS a "qualified written request" as

16   defined by 12 U.S.C. § 2605(e)(1)(B).  Accordingly, Plaintiffs'

17   RESPA claim is dismissed with leave to amend.

18

19

20

21

22

23

24

25

26   ///

27   ///

28   ///

1

**IV.   Conclusion**

2        For the reasons stated above, Defendants' Motions to Dismiss

3   are GRANTED.   Plaintiffs' First, Fourth, Fifth, Ninth, and Twelfth

4   Causes of Action are DISMISSED, with prejudice.   All other claims

5   are dismissed with leave to amend.[2]   Any amended complaint shall be

6   filed within fourteen days of the date of this Order.

7

8

9   IT IS SO ORDERED.

10

11

12   Dated: February 5, 2015

13                                              DEAN D. PREGERSON
                                                United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26   ─────────────────

27        [2] The predicate for Plaintiffs' Sixth Cause of Action for
     unfair and fraudulent business practices in violation of California
28   Business & Professions Code § 17200 is somewhat unclear, and rises
     or falls with Plaintiffs' other claims.

11